IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-02468-MSK-PAC

CAL FARLEY'S BOYS RANCH FOUNDATION,

   Plaintiff(s),

v.

ROBERT TAYLOR, and
DONNA TAYLOR,

   Defendant(s).

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

O. Edward Schlatter, United States Magistrate Judge

In this action arising under the court's diversity jurisdiction, 28 U.S.C. §1332, Plaintiff Cal Farley's Boys Ranch Foundation claims that defendants Robert and Donna Taylor committed waste by granting an electrical and telecommunications easement to Tri State Generation and Transmission Association, Inc. across real property in which the defendants hold a life estate, without the consent of Plaintiff, who holds the remainder interest in the property. The matter before the court is Plaintiff's Motion for Default Judgment (Doc. #11), filed March 14, 2007. An Order of Reference referred this case to the undersigned on January 26, 2007 to conduct pretrial proceedings and to issue recommendations for rulings on dispositive motions. I held a hearing under Fed.R.Civ.P. 55(b)(2) on April 10, 2007, after providing the defendants approximately fifteen (15) days notice by mail. *See* Minute Order filed March 22, 2007 (Doc. #16). Defendants did not appear at the hearing or otherwise respond to the notice of hearing.

I.

A.   Factual Background

The following allegations of the Complaint are deemed true in this default judgment proceeding:[1]

(1) Plaintiff Cal Farley's Boys Ranch Foundation ("Boys Ranch") is a Texas non-profit corporation whose principal place of business is located at 600 West 11th, Amarillo, Potter County, Texas, 79101.  (Compl., ¶1)

(2) Defendants Robert and Donna Taylor, who are married, reside in Colorado. Defendants' mailing address is 27061 County Road 66, Aguilar, Las Animas County, Colorado 81020.  (*Id.* at ¶2)

(3) On December 11, 1998, Mr. Howard V. Melvin died, leaving a will that granted Colorado ranchland ("Rimrock Ranch") to Plaintiff, subject to a life estate to the Defendants.  (*Id.* at ¶5)

(4) Rimrock Ranch has been appraised at more than $1,000,000.  (*Id.* at ¶3)

(5) On or about March 22, 2000, October 2, 2000 and August 9, 2000, Plaintiff Donna Taylor, acting as Trustee of the Estate of Howard V. Melvin, filed a General Warranty Deed and a Second Correction Deed, respectively, in Los Animas County.  The Deeds transferred the Rimrock Ranch to Plaintiff from the Howard V. Melvin Revocable Living Trust, and granted "a life estate to Robert and Donna Taylor ("Life Tenants") for use

---

[1] After an entry of default under Fed.R.Civ.P. 55(a), the factual allegations of Plaintiff's complaint, except those relating to the amount of damages, are taken as true. *See* 10 Wright, Miller & Kane, Federal Practice and Procedure § 2688, at 444 (2d ed. 1983); *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir.1990).

during their lifetimes." The Deeds provided that the "Life Tenants are entitled to receive all rents and income from the Property during their lifetimes; however, Life Tenants are obliged to pay all real property taxes and assessments and all costs associated with the operation of the ranch and improvements on the Property." (*Id.* at ¶6)

(6) The Defendants thereafter granted an electrical and telecommunications easement across Rimrock Ranch to Tri State Generation and Transmission Association, Inc. ("Tri State") without the joinder of Plaintiff. (*Id.* at ¶7)

(7) Plaintiffs have information that Defendants received a cash payment from Tri State as partial consideration for the easement and that Defendants authorized Tri State to perform certain permanent improvements to Rimrock Ranch as additional consideration for the easement.

(8) Defendants have refused to account to Plaintiff for the cash proceeds they received from Tri-State as partial consideration for the easement, despite numerous written requests from the Plaintiff. (*Id.* at ¶¶8, 10)

(9) Defendants did not obtain consent from Plaintiff for the installation of the permanent improvements which are without value or may have damaged Plaintiff's remainder interest in the Ranch. (*Id.*)

(10) Plaintiff has advised the Defendants, through written correspondence, that under the Melvin Will, and Colorado law, any proceeds Defendants received from Tri State belong to Plaintiff, as remainderman, and that Defendants, as life tenants, are only entitled to the income from the investment of the proceeds for the duration of the life estate. (*Id.* at ¶11)

Plaintiff claims that Defendants' actions in granting the easement to Tri State, and in authorizing permanent improvements to the Rimrock Ranch, without the consent of Plaintiff, constituted waste and violated the duties Defendants, as life tenants, owed to Plaintiff, as the remainderman, to preserve Rimrock Ranch for the benefit of Plaintiff. Plaintiff further claims that Defendants recorded the easement, which is invalid was to Plaintiff's remainder interest in Rimrock Ranch, in violation of COLO.REV.STAT. ("C.R.S.") §38-35-109(3). Plaintiff's complaint seeks: declaratory and injunctive relief; recovery of the cash proceeds Defendants received from Tri State for the easement; damages to its remainder interest resulting from the unauthorized permanent improvements to the Rimrock Ranch by Tri State; punitive damages for Defendants' wilful and wanton conduct; and, reasonable attorney's fees under Colorado law.

B.   <u>Evidence Supporting Entry of Default Judgment</u>

Based on the evidence Plaintiffs submitted in support of their Motion for Default Judgment, I recommend finding the following additional relevant facts:

(1)  Defendant Donna Taylor was personally served with a summons and copy of the Complaint on January 3, 2007 by a sheriff's deputy at 27061 County Road 66 Aguilar Colorado.   (Doc. #8)

(2) Defendant Robert Taylor was personally served with a summons and copy of the Complaint on January 3, 2007 by a sheriff's deputy at 27061 County Road 66, Aguilar,

Colorado, by leaving the summons and copy of the Complaint with Robert Taylor's wife, Donna Taylor.[2]  (Doc. #5)

(3) Defendant Donna Taylor did not Answer or otherwise respond to the Complaint within twenty (20) days after service of process.

(4) Defendant Robert Taylor did not Answer or otherwise respond to the Complaint within twenty (20) days after service of process.

(5) The Clerk of the United States District Court for the District of Colorado entered Defendants Robert and Donna Taylor's default under Fed.R.Civ.P. 55(a) on January 31, 2007.  (Doc. #10)

(6)   Defendant Donna Taylor is not an infant, an incompetent person, or in the military service.  *See* Plaintiff's Request for Entry of Default (Doc. #7), Ex. C; Statements of Thomas Dixon[3] at the Rule 55(b) Hearing.

(7) Defendant Robert Taylor is not an infant, an incompetent person, or in the military service.  *Id.*; Statements of Thomas Dixon at Rule 55(b) Hearing.

(8) The Rimrock Ranch is located in Las Animas and Huerfano Counties, Colorado. (Affidavit of Thomas R. Dixon, Jr., at ¶¶4, 5)

(9) Plaintiff does not know the amount of the cash payment Defendants received from Tri State as partial consideration for the electrical and telecommunications easement

---

[2]Under Fed.R.Civ.P. 4(e)(2), service upon individuals within a judicial district of the United Sates may be had by leaving copies of the summons and complaint at the individual's dwelling with some person of suitable age and discretion residing therein.

[3]The court accepted Mr. Dixon's statements at the hearing as an officer of the court.

5

across Rimrock Ranch.[4] (Statements of Thomas Dixon at Rule 55(b) Hearing)  Plaintiff's real property manager was told by a third party that Defendants received $25,000 from Tri State, but neither Tri State, nor the Defendants, have confirmed that amount to Plaintiff because of a confidentiality agreement that Defendants negotiated with Tri State. (Affidavit of Jack Quackenbush, at ¶6)

(10) Plaintiff has incurred reasonable attorney's fees and costs to date in this matter for work done by the law firm of Murray Frank Greenhouse List & Lippitt LLP in the amount of $6,187.44.  (Affidavit of Attorney's Fees filed by Charles Greenhouse; Statements by Charles Greenhouse at Rule 55(b) Hearing)

(11) Plaintiff has incurred attorney's fees in this matter for work done by the law firm of Underwood, Wilson, Berry, Stein & Johnson, P.C. in the amount of $34,744,39.  (Dixon Affidavit, at ¶¶10-14, and attached billing statement)

II.

A.   Waste

Plaintiff claims that Defendants committed waste by encumbering Rimrock Ranch with an electrical and telecommunications easement without the joinder of Plaintiff, and by authorizing permanent improvements to Rimrock Ranch as partial consideration for the easement without Plaintiff's consent.

---

[4]The Tri State easement also covered the Spring Creek Ranch, presumably adjacent to Rimrock Ranch, in which Defendants hold a life estate and Plaintiffs own the remainder interest, pursuant to the Melvin Will.  (Dixon Affidavit, at ¶¶4, 5)  However, because Plaintiff did not include any allegations about Spring Creek Ranch in the Complaint, I do not consider these facts in making a recommended ruling on the motion for default judgment.  See Fed.R.Civ.P. 54(c).

Generally, a person with a life estate interest holds the property in trust for the remaindermen. 51 AM.JUR. *Life Tenants and Remainderman* §27. The life tenant's duties include preventing waste, not manipulating title so as to defeat the remaindermen's interests, and not transferring the property for inadequate consideration. *Id.* at §29*; see, also,* Restatement (First) of Property §138, §140 (1936)(holders of life estate have duty not to diminish market value of subsequent interests or to make changes in the premises). "The life tenants may use the property for their exclusive benefit and take all the income and profits, so long as they preserve the corpus of it." 51 AM.JUR. *Life Tenants and Remainderman* §29.

Based on the facts alleged in the Complaint, I recommend finding that Plaintiff is entitled to a Declaration that Defendants, as life tenants, have committed waste and breached their duties as life tenants by granting an easement to Tri State without Plaintiff's consent and by allowing Tri State to construct permanent improvements on Rimrock Ranch as partial consideration for the easement, without Plaintiff's consent.

I further recommend finding that Plaintiff is entitled to an accounting from Defendants of the cash proceeds Defendants received from Tri State for the easement across Rimrock Ranch. Defendants should immediately pay to Plaintiff the amount of money received from Tri State for the easement so that Plaintiff can invest the funds.

Plaintiff's Complaint also requests damages to Plaintiff's remainder interest resulting from the unauthorized permanent improvements to the Rimrock Ranch authorized by Defendants as partial consideration for the easement granted to Tri State. However,

because Plaintiff did not present specific evidence to show diminishment to the market value of Rimrock Ranch, I recommend that no damages be awarded.

I further recommend that Defendants be permanently enjoined from taking any future unilateral action to install permanent improvements on Rimrock Ranch or to grant easements, rights-of-way, liens, long-term leases, or similar encumbrances of a permanent nature without the joinder or consent of Plaintiff, as remainderman.  Plaintiff has shown that there is a reasonable probability that Defendants may engage in similar actions again which will likely cause irreparable injury to Plaintiff's remainder interest in the Rimrock Ranch for which there is no adequate remedy at law.

Plaintiff also claims that Defendants' commission of waste was attended by circumstances of wilful and wanton conduct for which Plaintiff seeks punitive damages under §13-21-102, C.R.S.

Plaintiff may recover punitive damages for a wrong done fo real property, if the injury complained of is attended by circumstances of fraud, malice, or wilful and wanton conduct, in an amount which shall not exceed the amount of actual damages awarded. §13-21-102(1)(a), C.R.S.

The general purposes of punitive damages under C.R.S. §13-21-102 are to punish the defendant and to deter the defendant and others against committing similar offenses in the future.  *Coors v. Security Life of Denver Ins. Co.*, 112 P.3d 59, 65 (Colo. 2005). Exemplary damages are justified when the act causing the plaintiff's injuries was performed "with an evil intent, and with the purpose of injuring the plaintiff, or with such a wanton and reckless disregard of his rights as evidence a wrongful motive." *Tri-Aspen Constr. Co. v.*

8

*Johnson*, 714 P.2d 484, 486 (Colo.1986)(quoting *Frick v. Abell*, 602 P.2d 852, 854 (1979)). "Wanton and reckless" conduct is defined as "conduct that creates a substantial risk of harm to another and is purposefully performed with an awareness of the risk in disregard of the consequences." *Palmer v. A.H. Robins Co.*, 684 P.2d 187, 215 (Colo.1984). The party requesting exemplary damages must prove the statutory standards beyond a reasonable doubt. *Tri-Aspen*, 714 P.2d at 486.

In support of its claim for punitive damages, Plaintiff submits the following evidence: The Defendants negotiated an easement with Tri State across Rimrock Ranch in which Plaintiff holds a remainder interest without the consent or joinder of Plaintiff. Defendants also authorized Tri State to construct permanent improvements to the real property in partial consideration for the easement without Plaintiff's consent. Defendants obtained a confidentiality agreement from Tri State precluding Tri State from disclosing the terms of its agreement with Defendants to anyone. (Dixon and Quackenbush Affidavits, ¶6) Defendants have repeatedly refused, despite numerous written requests from the Plaintiff, to disclose the amount of cash remuneration defendants received as partial consideration for the easement or the nature of the permanent improvements authorized, and have not turned over to Plaintiff for investment any of the monies received from Tri State.

In addition, Mr. Dixon states that before Defendants negotiated the easement with Tri State, Mrs. Taylor failed and refused to perform her duties as executrix of Mr. Melvin's estate which required Plaintiff to sue Defendants in Las Animas County District Court, Colorado, to compel Mrs. Taylor to deed the remainder interest to Plaintiff, administer and wind up the estate and file the federal estate tax return. (Dixon Affidavit, at ¶5) Mr. Dixon

further states that the state district court held the Defendants in contempt of court in that action. (*Id.*) Evidence of a continuing course of conduct may buttress a claim for exemplary damages. *Amber Properties, Ltd. v. Howard Electrical & Mechanical Co.*, 775 P.2d 43, 46 (Colo.App.1988).

I recommend finding that Plaintiff has shown that Defendants' conduct in granting the easement to Tri State was wanton and reckless, thereby entitling Plaintiff to an award of exemplary damages in an amount equal to the cash proceeds Defendants received from Tri State in partial consideration for the easement.[5]

B.    Violation of Colorado Statute

Plaintiff claims that Defendants' actions in recording the invalid easement granted to Tri State, in the Clerk and Recorders' Offices of Los Animas and Huerfano Counties, Colorado, violated C.R.S. §38-35-109(3), entitling Plaintiff to actual damages and attorney's fees.

Section 38-35-109(3), C.R.S., states, in pertinent part:

> Any person who offers to have recorded or filed in the office of the county clerk and recorder any document purporting to convey, encumber, create a lien against, or otherwise affect the title to real property, knowing or having a reason to know

---

[5]Plaintiff also asks the court to award exemplary damages in an amount equal to three times as much as its actual damages, under §13-21-102(3), C.R.S. The trial court may increase a punitive damages award under that statute based on the defendant's behavior during the pendency of the case. *Coors v. Security Life of Denver Ins. Co.*, 112 P.3d 59, 67 (Colo. 2005). Plaintiff cannot cite any wilful and wanton conduct by Defendants during the short pendency of this action in support of its request for increased punitive damages, except for Defendants' continued refusal to answer Plaintiff's written correspondence requesting an accounting of the cash proceeds Plaintiff received as partial consideration for the easement. *Contrast* Coors, 112 P.3d at 67 (Colo.App. 2001)(punitive damages trebled where defendant obscured and misrepresented who its decisionmakers were and failed to meet basic discovery and disclosure obligations even after being compelled to produce information). Accordingly, Plaintiff is not entitled to increased punitive damages under §13-21-102(3), C.R.S.

>    that such document is forged or groundless, contains a material misstatement or false claim, or is otherwise invalid, shall be liable to the owner of such real property for the sum of not less than one thousand dollars or for actual damages caused thereby, whichever is greater, together with reasonable attorney fees.

The Colorado General Assembly's intent in enacting §38-35-109 was to halt the filing of invalid liens against real property. *People v. Marston*, 772 P.2d 615 (Colo.1989).

The facts alleged reflect that Defendants violated subsection §38-35-109(3), C.R.S., by recording the Tri State easement as an encumbrance on Rimrock Ranch, when the easement was invalid as to Plaintiff's remainder interest in the property. However, this is not a typical "spurious lien" action because Plaintiff does not seek to have the Tri State easement removed or discharged from the Los Animas and Huerfano County public records. Indeed, Plaintiff negotiated its own easement with Tri State to cover the remainder interest in the Rimrock Ranch (Dixon Affidavit, at ¶6), recognizing that Tri State, a public utility, could have condemned the easement. *See* §§38-5-104-107, C.R.S. Thus, Rimrock Ranch will be continued to be burdened by the electrical and telecommunications easements Tri State negotiated with both parties.

In any event, Plaintiff has not proven any actual damages resulting from Defendants' recording of the invalid easement. Plaintiff is thus limited to the $1,000 penalty authorized by the statute.

Further, because Defendants violated §38-35-109(3) by recording the easement, which unlawfully purported to cover Plaintiff's remainder interest in Rimrock Ranch, Plaintiff is entitled to recover its reasonable attorney's fees incurred in seeking judicial

relief under that statute. It is unclear from the attorney fee affidavits submitted by Plaintiff what amount of fees are attributable <u>solely</u> to Defendants' <u>recording</u> of the invalid easement and Plaintiffs' subsequent filing of the instant action. Accordingly, I recommend that Plaintiff submit revised attorney fee affidavits within ten (10) days of the court's Order on the instant Recommendation.

IV.

For the reasons set forth above, it is

**RECOMMENDED** that Plaintiff's Motion for Default Judgment (Doc. #11), filed March 14, 2007, be **GRANTED** as follows:

(1) The Court **DECLARES** that Defendants, as life tenants, had no right to grant Tri State a permanent easement across Rimrock Ranch without the joinder of Plaintiff, the remainderman.

(2) The Court **DECLARES** that Defendants, as life tenants, have no right to construct improvements of a permanent nature on the Rimrock Ranch or to encumber the ranch with easements, rights-of-way, liens, permanent leases, or similar encumbrances of a permanent nature, without the joinder or consent of Plaintiff, as remainderman. Defendants have the duty to preserve all proceeds received for any easements, rights-of-way or similar encumbrances for the benefit of Plaintiff.

(3) The Court further **DECLARES** that the principal of the funds received by Defendants from Tri State for the easement must be preserved for the benefit of Plaintiff. Defendants, as life tenants, are entitled only to the interest from the investment of such funds.

(4) The Court **ORDERS** Defendants to account to Plaintiff for all cash proceeds received from Tri State for the easement across Rimrock Ranch.

(5) The Court **ORDERS** Defendants to immediately turn over to Plaintiff all funds received from Tri State for the easement across Rimrock Ranch. Plaintiff shall invest the funds and ensure that all income from the investment is paid to Defendants for the duration of their life estate.

(6) Defendants are **PERMANENTLY ENJOINED** from granting, constructing, or authorizing the construction of any permanent improvements on the Rimrock Ranch without Plaintiff's consent and from granting encumbrances, such as easements, rights-of-way, liens, permanent leases, or similar encumbrances of a permanent nature without the joinder or consent of Plaintiff and without accounting to Plaintiff for all proceeds received from any such encumbrances.

(7) Plaintiff is entitled to punitive damages in an amount equal to the funds received from Tri State for the easement across Rimrock Ranch.

(8) Plaintiff is entitled to $1,000 for Defendants' violation of §38-35-109(3).

(9) Plaintiff should submit revised attorney fee affidavits detailing its fees incurred as a result of Defendants' violation of §38-35-109(3), C.R.S., within ten (10) days of the court's Order on the instant Recommendation.

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado. The district judge shall make a de novo determination of**

**those portions of the proposed findings or specified recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.**

**Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of de novo review of the recommendation by the district judge and may also waive the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated April 19, 2007.

                                      BY THE COURT:

                                      s/ Gudrun J. Rice
                                      O. EDWARD SCHLATTER
                                      United States Magistrate Judge