IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-02468-MSK-KLM

CAL FARLEY'S BOYS RANCH FOUNDATION,

    Plaintiff(s),

v.

ROBERT TAYLOR, and
DONNA TAYLOR,

    Defendant(s).
_____

## MINUTE ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter comes before the Court on the **Plaintiff Cal Farley's Boys Ranch Foundation's Motion to Modify Proposed Final Judgment to Include Spring Creek Ranch and to Amend Complaint to Conform to Evidence** [Docket No. 22, filed April 26, 2007] (the "Motion").

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**, as specified below.

Plaintiff moves this Court to modify its Recommendation [Docket No. 21; filed April 19, 2007] and to amend Plaintiff's original Complaint [Docket No. 1; filed December 8, 2006].  As grounds, Plaintiff states that it inadvertently omitted a parcel of property, known as Spring Creek Ranch, from its original Complaint, which property should have properly been included.

The Court finds that Plaintiff's Complaint [Docket No. 1; filed December 8, 2006] referred solely to the Rimrock Ranch, excluding the Spring Creek Ranch through inadvertent error.  The Court further finds that all of the allegations in the Complaint were intended to apply to both the Spring Creek Ranch and the Rimrock Ranch.

The Court finds that Magistrate Judge Gudrun J. Rice, acting for Magistrate Judge O. Edward Schlatter, accepted and relied on the affidavits filed by Plaintiff in support of its Motion for Default Judgment [Docket No. 11; filed March 14, 2007] as evidence for the Recommendation that default judgment as to Defendants be granted [Docket No. 21; filed April 19, 2007] ("Recommendation").  That evidence applies to both the Rimrock Ranch and Spring Creek Ranch, as shown by several statements contained within the affidavits. For instance, in the affidavit of Jack Quackenbush, an employee of Plaintiff, he states "[m]y management responsibility includes the Spring Creek and Rimrock Ranches ('ranches') . . . The foundation acquired the ranches through the Last Will and Testament of Howard Melvin, Deceased." *Motion for Default Judgment*, Docket No. 11-3, p. 2.   In the affidavit of Thomas R. Dixon Jr., an attorney for Plaintiff, he states "the Spring Creek Ranch and Rimrock Ranch . . . [referred to as] 'the ranches.'" *Motion for Default Judgment*, Docket No. 11-4, p. 3. Finally, copies of this evidence wherein both ranches were referenced were mailed to Defendants Robert Taylor and Donna Taylor, shown by the certificates of mailing and service contained in the record. [Docket No. 13; filed March 14, 2007; Docket No. 14; filed March 14, 2007].

Based on this, Plaintiff argues that, pursuant to Fed. R. Civ. P. 15(b), the issues

relating to Spring Creek Ranch were tried by implied consent. *Motion*, p. 2. Implied consent occurs when a party raises no objection to factual matters being offered into evidence that would support findings on such an issue. *Brandon v. Holt*, 469 U.S. 464, 475 (1985). Indeed, there is evidence to show that Defendants received copies of Plaintiff's Motion for Default Judgment and Defendants raised no objection to the inclusion of both ranches in the evidence. Defendants did not appear at the hearing, thus requiring this Court to enter a default judgment against them. *Minute Order* [Docket No.19; filed March 28, 2007]. Thus, pursuant to Fed. R. Civ. P. 15(b), issues relating to Spring Creek Ranch must be treated "as if they had been raised in the pleadings," and the Court is authorized to grant Plaintiff leave to file "such amendment of the pleadings as may be necessary to cause them to conform to the evidence . . . ." Further, pursuant to Fed R. Civ. P. 15(c), the amendment of the Complaint will relate back to the filing of the original Complaint, as the claims regarding the Spring Creek Ranch "arose out of the conduct, transaction or occurrence set forth or attempted to be set forth" in the original Complaint.

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**. Plaintiff's Proposed Amended Original Complaint, which is attached to the Motion as an exhibit, is deemed filed as of the date of this Order. The amendments contained in the Proposed Amended Original Complaint shall relate back to the date of filing of the Original Complaint [Docket No. 1; filed December 8, 2006].

IT IS FURTHER **ORDERED** that the Recommendation entered by Magistrate Judge Gudrun J. Rice on behalf of Magistrate Judge O. Edward Schlatter is hereby modified to

define "ranches" as both the Rimrock Ranch and the Spring Creek Ranch, and that findings 1, 2, 4, 5, 6 and 7 on pages 12 and 13 of the Recommendation of United States Magistrate Judge [Docket No. 21, Filed April 19, 2007] are modified to include both the Rimrock and Spring Creek Ranches.

IT IS FURTHER **ORDERED** that the Clerk shall serve a copy of this Minute Order on the defendants, Robert Taylor and Donna Taylor, at 27061 County Road 66, Aguilar, Colorado, 81020.

                                              BY THE COURT:
                                              __s/ Kristen L. Mix_____
                                              United States Magistrate Judge

Dated:  September 28, 2007