IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-02468-MSK-KLM

CAL FARLEY'S BOYS RANCH FOUNDATION,

    Plaintiff,

v.

ROBERT TAYLOR, and
DONNA TAYLOR,

    Defendants.

_____

**OPINION AND ORDER ADOPTING RECOMMENDATION
AND GRANTING DEFAULT JUDGMENT**
_____

**THIS MATTER** comes before the Court pursuant to the April 19, 2007 Report and Recommendation **(# 21**, as modified **# 29)** of United States Magistrate Judge Gudrun J. Rice[1] that the Plaintiff's Motion for a Default Judgment **(# 11)** be granted. No party has filed Objections to that Recommendation.

---

[1] At the time the Report and Recommendation was issued, this case bore a case number that indicated that United States Magistrate Judge Patricia A. Coan was assigned as Magistrate Judge. The first line of the Report and Recommendation indicates that it is issued by United States Magistrate Judge O. Edward Schlatter, who presided over Magistrate Judge Coan's caseload at the time. However, the Report and Recommendation bears the nominal signature of Magistrate Judge Rice, over the printed name of Magistrate Judge Schlatter. The docket in this case does not clarify the situation: the hearing giving rise to the Report and Recommendation was ordered **(# 16)** by Magistrate Judge Schlatter to take place before him in Denver on April 10, 2007, but the Minute Entry **(# 20)** for the April 10, 2007 proceeding recites that it was conducted in front of Magistrate Judge Rice in Grand Junction. No interstitial order explains this discrepancy. For purposes of this Order, the Court will assume, by virtue of the actual signature on the Report and Recommendation, that it was issued by Magistrate Judge Rice.

1

The pertinent facts are set out in Magistrate Judge Rice's Report, and are deemed incorporated herein. In summary, the Defendants hold life estates in a parcel of real property, and the Plaintiff owns the remainder interest in the same parcels. The Plaintiff alleges that the Defendants have engaged in waste of the property by granting an easement without the Plaintiff's consent, and by usurping rents that should otherwise be used to maintain the property. The Plaintiff commenced this action on December 8, 2006, and despite receiving due service of process, the Defendants neither appeared nor defended. The Clerk of the Court entered default **(#10)** against both Defendants, and the Plaintiff filed the instant Motion for Default Judgment **(#11)**.

The Court scheduled on a hearing on the Plaintiff's motion, and despite receiving adequate notice, the Defendants did not appear. Accordingly, Magistrate Judge Rice issued the instant Report and Recommendation **(# 21)**, recommending that this Court enter a default judgment declaring that: (i) the Defendants had no right to grant the easement without the Plaintiff's consent; (ii) that the Defendants have no right to construct permanent improvements to the property or to encumber it without the Plaintiff's consent; and (iii) that the Defendants have the duty to preserve for the benefit of the Plaintiff all proceeds received from the existing improvements they have already granted. In addition, Magistrate Judge Rice recommended that the default judgment: (i) order the Defendants to account for all proceeds received from granting the easement; (ii) order the Defendants to surrender all such funds to the Plaintiff, with the requirement that the Plaintiff invest the funds and pay the income from such investment to the Defendants for the duration of their life estate; (iii) enjoin the Defendants from authorizing any further permanent improvements to the property without the Plaintiff's consent; (iv) grant the

2

Plaintiff punitive damages equal to the amount received by the Defendants for conveying the easement; (v) grant the Plaintiff $1,000 for the Defendants' violation of C.R.S. § 38-35-109(3); and (vi) grant the Plaintiff a reasonable attorney's fee, to be submitted within 10 days of this Court's ruling on the Recommendation.

The Plaintiff then filed a Motion to Clarify **(# 22)** the Report and Recommendation, explaining that an oversight in the drafting of the Complaint caused the Plaintiff to mistakenly assert its claims as they related to a single parcel of property. The Plaintiff sought to amend its complaint to reflect that all of its claims were asserted against the Defendants against two separate parcels of property, both of which the Defendants hold life estates on, and both of which had been allegedly mismanaged in the same way. The Plaintiff's motion was referred to United States Magistrate Judge Kristen L. Mix, and on September 28, 2007, Magistrate Judge Mix granted **(# 29)** the Plaintiff's motion. Specifically, Magistrate Judge Mix: (i) granted the Plaintiff's Motion to Amend the Complaint; (ii) deemed the Plaintiff's Proposed Amended Complaint filed as of September 28, 2007, with its provisions relating back to the commencement of this action pursuant to Fed. R. Civ. P. 15(c); (iii) modified Magistrate Judge Rice's Report and Recommendation to apply to both parcels of property; and (iv) directed that a copy of the September 28, 2007 Order be served on the Defendants at their last known address.

More than 10 days have passed since both Magistrate Judge Rice's initial Report and Recommendation, and Magistrate Judge Mix's Order modifying that Report and Recommendation. Neither party has filed any Objections pursuant to Fed. R. Civ. P. 72(a) or (b). *See also* 28 U.S.C. § 636(b)(1). Where no party files timely Objections to a Recommendation, the court reviewing the Recommendation applies whatever standard of review to that

3

Recommendation that it deems appropriate. *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir.1991). The Court treats Magistrate Judge Rice's Recommendation as a dispositive motion pursuant to Fed. R. Civ. P. 72(b), and reviews that Recommendation under the otherwise applicable *de novo* standard of review. The Court treats Magistrate Judge Mix's Order granting leave to amend and modifying the terms of Magistrate Judge Rice's Recommendation as a non-dispositive order under Fed. R. Civ. P. 72(a), and reviews that Order under the otherwise applicable "clearly erroneous or contrary to law" standard.

Turning first to Magistrate Judge Mix's Order, the Court finds nothing that is clearly erroneous or contrary to law. Leave to amend a pleading is "freely granted" and nothing in the record suggests that the Plaintiff's request to amend is the result of bad faith or undue delay resulting in prejudice, nor that the new claims sought to be added are futile. *Beerheide v. Zavaras*, 997 F.Supp. 1405, 1409 (D. Colo. 1998), *citing Foman v. Davis*, 371 U.S. 178, 182 (1962). Although Magistrate Judge Rice has <u>recommended</u> entry of judgment, no such judgment had yet been entered at the time of Magistrate Judge Mix's Order, and thus, amendment remained a viable option for the Plaintiff at that time. *See The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005). Leave to amend having been granted, Magistrate Judge Mix's decision that the issues raised in the Amended Complaint – that is, those relating to the second parcel – were tried by consent pursuant to Fed. R. Civ. P. 15(b)(2) was not clearly erroneous or contrary to law, insofar as it is undisputed that the Plaintiff's Motion for Default Judgment gave notice to the Defendants that claims regarding both parcels were being presented to Magistrate Judge Rice, and that the Defendants raised no objection. Finally, the Court finds that Magistrate Judge Mix did not err in modifying the Recommendation to apply to both parcels, particularly in light of the

4

Defendants' failure to raise any opposition to the Plaintiff's request for such relief. Accordingly, the Court affirms and adopts Magistrate Judge Mix's September 28, 2007 Order in its entirety.

Turning to Magistrate Judge Rice's Recommendation, as modified, the Court engages in a *de novo* review of the matter. Having conducted such a review, the Court reaches the same conclusions as Magistrate Judge Rice, for effectively the same reasoning.[2] Accordingly, the Recommendation is adopted in its entirety. In adopting the Recommendation, the Court directs that the Defendants provide the accounting specified in the fourth decretal paragraph within 30 days of the entry of Judgment.

For the foregoing reasons, the Court **AFFIRMS** and **ADOPTS** the September 28, 2007 Order **(# 29)** of Magistrate Judge Mix. The Court **ADOPTS** the April 19, 2007 Report and Recommendation **(#21)** of Magistrate Judge Rice, as modified by Magistrate Judge Mix's Order.

---

[2] Although the Court adopts the terms of the first decretal paragraph in Magistrate Judge Rice's Recommendation, the Court expresses no opinion as to whether that declaration is binding upon Tri State, who has not been made a party to this action.

The Plaintiff's Motion for Default Judgment **(# 11)** is **GRANTED** on the terms set forth in Magistrate Judge Rice's Recommendation, as modified. Judgment consistent with that Recommendation will be entered contemporaneously with this Order. The Plaintiff shall file a motion for attorney's fees in accordance with the Report and Recommendation within 10 days of the entry of judgment.

Dated this 13th day of February, 2008

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
United States District Judge